UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
In re                                                      :
                                                           :
PPI HOLDINGS, INC., et al.,[1]                             :   Chapter 11
                                                           :
                    Debtors.                               :   Case No. 08-13289 (KG)
                                                           :
                                                           :   Jointly Administered
                                                           :
-----------------------------------------------------------X
                                                           :
CERION, LLC,                                               :
                                                           :
                                                           :
                    Plaintiff,                             :   Adv. Pro. 09-50490
                                                           :
       - against -                                         :
                                                           :
PPI HOLDINGS, INC., et al.,                                :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X
```

**MOTION OF CERION, LLC FOR ORDER DIRECTING PROMPT
MEDIATION UNDER LOCAL BANKRUPTCY RULE 9019-5**

Cerion, LLC ("Cerion") hereby moves, pursuant to Local Bankruptcy Rule 9019-5, for an order directing an immediate mediation of a contractual dispute between Cerion and the Debtors with respect to the nature and amount of a working capital calculation and purchase price adjustment concerning the sale of the Debtors' assets, which is now the subject of a complaint (the "Complaint") Cerion filed in this Court on March 20, 2009, Adv. Pro. 09-50490 (the "Adversary Proceeding").[2]

---

[1] The Debtors in these cases are: PPI Holdings, Inc.; International Fineblanking Corporation; MPI International Holdings, Inc.; MPI International, Inc.; Michigan Fineblanking, Inc.; PPI Sub-Holdings, Inc.; Precision Parts International Services Corp.; Skill Tool & Die Corp.; Skill Tool & Die Holdings Corp.

[2] A copy of the Complaint with exhibits is attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Adversary Proceeding is proper pursuant to 28 U.S.C. § 1409(a). The bases for the relief requested herein are 11 U.S.C. § 105(a) and Local Bankruptcy Rule 9019-5.

## FACTUAL BACKGROUND

2.  The Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code on December 12, 2008.

3.  On February 20, 2009, the Debtors, as Sellers, entered into an Asset Purchase Agreement with Cerion, as Purchaser, pursuant to which Cerion agreed to acquire substantially all of the Debtors' assets (the "Asset Purchase Agreement").[3] (See Exhibit 1, Exhibit 1 to Exhibit A.)

4.  Upon the Debtors' motion for entry of an order approving the sale of their assets to Cerion pursuant to the terms of the Asset Purchase Agreement, on March 12, 2009, this Court entered an order (the "Sale Order") (A) approving the assumption and assignment of certain executory contracts and unexpired leases; and (B) approving the Debtors' proposed sale of substantially all of their assets. (See Exhibit 1, Exhibit A.)

5.  Following the Court's entry of the Sale Order, a dispute arose between the Debtors and Cerion with respect to the amount of the Purchase Price and Closing Payment to be paid by Cerion at Closing in accordance with an adjustment provision in Section 3.1(b) of the Asset Purchase Agreement. (See Exhibit 1, Exhibit 1 to Exhibit A.)

---

[3] All capitalized terms not defined herein have the meanings ascribed to them in the Asset Purchase Agreement.

6. Despite the Asset Purchase Agreement's express requirement that the Debtors "establish reserves for doubtful accounts and [obsolete] inventory" and "value Accounts Receivable and Inventory" accordingly when determining the Purchase Price adjustment provided for under Section 3.1(b)(i) of the Agreement, the Debtors refused to agree to the appropriate $8.527 million downward Purchase Price adjustment. (See Exhibit 1, Complaint, ¶¶ 13-18.) As email correspondence from the Debtors' counsel shows, the Debtors also refused to continue negotiating with Cerion concerning the required Purchase Price adjustment. (See Exhibit 1, Complaint, Exhs. B and C.) Indeed, while Cerion was proceeding to close the transaction on March 20, the Debtors ordered them to leave immediately.

7. Following the Debtors' refusal to agree to the required Purchase Price adjustment and refusal to continue negotiating, Cerion filed the Complaint, seeking, among other things: "(a) declaratory relief that sum of $8.527 million is the proper downward adjustment to the Purchase Price and Closing Payment at the Closing pursuant to the Asset Purchase Agreement; (b) an order directing the Debtors to close under the Asset Purchase Agreement with the proper downward Purchase Price adjustments." (See Exhibit 1, Complaint, p. 8.)

**ARGUMENT**

8. Local Bankruptcy Rule 9019-5(a) provides as follows: "The Court may assign to mediation any dispute arising in an adversary proceeding, contested matter or otherwise in a bankruptcy case."

9. Cerion requests a mediator to resolve the parties' Purchase Price dispute for several reasons. First, there is no downside: if the mediator is unable to resolve the matter, the Adversary Proceeding for declaratory relief will continue. Second, because the mediation process preserves confidentiality and retains the involvement of the Court (which entered the

Sale Order approving the sale of the Debtors' assets to Cerion), mediation should substantially lower any party's incentives to continue litigating the matter. Finally, mediation is much less costly than litigation and, indeed, is a significantly more expeditious means of resolving the parties' Purchase Price dispute than a trial. Of most importance, the Asset Purchase Agreement, approved by the Court, requires that the Closing take place "in no event later than 10 days after the Sale Order shall have been entered." Cerion is prepared to deposit immediately with the mediator funds necessary to close this transaction.

10. For the foregoing reasons, a mediator should be given the opportunity to help resolve this Purchase Price adjustment dispute promptly and efficiently. If the mediation fails, the litigation can proceed accordingly.

**WHEREFORE**, Cerion respectfully requests that the Court (a) grant the Motion; (b) appoint a mediator; and (c) grant such other and further relief as is necessary.

Dated: Wilmington, Delaware
March 20, 2009

**WERB & SULLIVAN**

By:/s/ Duane D. Werb
Duane D. Werb (DE #1042)
300 Delaware Avenue, 13th Floor
Wilmington, DE 19801
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail: dwerb@werbsullivan.com

-and-

Michael L. Cook
Christopher J. Arnold
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, New York 10022
(212) 756-2150

Counsel for Cerion, LLC